*Windsor,*
*Febrnary,*
1826.

*Fletcher,*
*vs.*
Baxter.

---

SAMUEL G. BISHOP *vs.* GEORGE BOTHWELL.

*Essex,*
March,
1826.

Heretofore, when an issue of fact was joined to the court, it was, by the practice of the court, for the term only, and in case of a review or continuance, either party might, as a matter of course change the issue to the country.

By the act in addition to the Judiciary act, passed Nov. 18th, 1824, (*Stat.* 118, *ch:* 7, *No.* 46,) the authority of the Supreme Court to try an issue of fact, is virtually taken away, and all such issues must be tried in the county court.

AT the last term of this Court, the issue of *not guilty* in this action, which is an *audita querela*, was joined to the Court, and a partial trial had.  The cause being continued, the defendant, at this term, moved to alter his plea, so far as to put himself on the country; which the plaintiff opposed, and insisted upon proceeding to trial.

PRENTISS, J.  Heretofore, when an issue of fact has been joined to the Court, the general understanding has been, that

*Essex,*
March,
1826.

Bishop
*vs.*
Bothwell.

it was only for the term; and in case of a review or continuance, either party has been at liberty, as a matter of course, at a subsequent term, to change the issue to the country. This occasioned no delay or inconvenience to the parties, so long as a jury was summoned, and attended every term of the Court But, as, by the late judiciary act, no jury attends this Court, it is insisted that the practice ought no longer to prevail. On a just construction of the act, however, we think that this Court has no authority to try an issue of fact, but all such issues must be tried in the county court. This construction is strengthened by the consideration, that the right of review is taken away in this Court, and exists only in the county court. But if this court were authorized to try the issue of fact in this case, yet, as the parties would not be entitled to a review here, we should for that reason permit the issue to be changed to the jury, and send the cause to the county court.

Hutchinson, J.    I am clearly of opinion, that this is one of the cases, which, by the act, is divided off to the county court, and that this Court has not power to try the issue.

> Motion granted, and the cause transmitted
> to the county court for trial.

Skinner, Ch. J. absent.

*Wm. Mattocks,* for the plaintiff.

*Seth Cushman,* for the defendant.